**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMY B. NOVAK** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 24-6675** |
| | : | |
| **TORCON, INC.** | : | |

<u>**MEMORANDUM**</u>

**MURPHY, J.**                                                                                                                    **July 28, 2025**

**I.      Introduction**

      This is an employment discrimination case.  Ms. Novak worked as a Project Executive in Torcon's Philadelphia office until Torcon terminated her and gave her work to younger men.  According to her amended complaint, her termination constituted age, sex, and disability discrimination.  Torcon moved to dismiss Ms. Novak's original complaint and again her amended complaint.  In its second motion, Torcon advanced several new attacks on Ms. Novak's allegations, which Ms. Novak says violate Rule (12)(g)(2)'s limitation on further motions.  For that reason, Ms. Novak wants the entire motion denied.  We take a middle path: we entertain (and deny on the merits) Torcon's properly raised attacks, and bar others because they could have been made in response to Ms. Novak's first complaint.  Torcon's motion to dismiss is denied.

**II.     Background**

      Ms. Novak, a 52-year-old woman, alleges that her employer, Torcon, Inc., discriminated against her on the basis of age and sex, DI 14 ¶ 1, among other claims that Torcon does not challenge at this stage.  DI 16.  Relevant here, Ms. Novak brings causes of actions under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.  DI 14 ¶ 2.  We summarize the relevant facts according to Ms.

Novak's amended complaint below.

In October 2006, Torcon hired Ms. Novak as a Senior Project Manager for the Philadelphia Office. *Id.* ¶¶ 15, 18. After being a "top performer" in the Senior Project Manager role, Ms. Novak was promoted in October 2015 to Project Executive. *Id.* ¶¶ 20–21. Despite Ms. Novak's education, experience, and fulfillment of the expectations associated with her role as Project Executive, *id.* ¶¶ 23–24, 71, she was "systematically removed" from high-profile projects and traditional Project Executive responsibilities in favor of younger, male employees, *id.* ¶¶ 40, 62. Ms. Novak was not advised of any concerns regarding her work performance. *Id.* ¶ 71.

On January 17, 2024, Torcon terminated Ms. Novak from her position as Project Executive for Torcon's Philadelphia Office. *Id.* ¶¶ 69. Ms. Novak was the only female Project Executive at the time she was terminated. *Id.* ¶ 83. Upon her termination, Ms. Novak was told that the Philadelphia Project Executive position was being eliminated. *Id.* ¶ 75. However, Torcon's male Project Executives retained their positions and responsibilities, including two younger men who had less experience, shorter tenure, and smaller workloads than Ms. Novak. *Id.* ¶¶ 81–84. And, after Ms. Novak was terminated, her workload was redistributed to younger, male employees who had limited to no Project Executive experience. *Id.* ¶¶ 88–89. Ms. Novak also alleges that, throughout her employment, her supervisor, the Torcon owners, and others made discriminatory remarks (including sexist, racist, and homophobic comments) to and about her and other employees. *Id.* ¶¶ 34–57.

On May 7, 2024, Ms. Novak dual-filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Pennsylvania Human Relations

2

Commission (PHRC). *Id.* ¶ 5.[1] On October 4, 2024, the EEOC issued a determination and notice of rights, *id.*, and Ms. Novak filed her complaint here on December 13, 2024, DI 1. On March 3, 2025, Torcon moved to dismiss, arguing only that Ms. Novak failed to state a claim for age discrimination and that her sex discrimination claim was barred by the applicable 300-day statute of limitations. DI 9. In response, Ms. Novak filed an amended complaint on March 24, 2025. DI 14. Torcon then filed its second motion to dismiss and motion to strike on April 7, 2025, renewing its prior arguments and raising two new ones: that Ms. Novak failed to state a claim for sex discrimination, and that paragraphs 34–40 and 43–59 (incorrectly numbered paragraph 57) should be stricken from the amended complaint as impertinent, irrelevant, and prejudicial. DI 16. This motion is now ripe for our review.

### III.   Analysis

Torcon's motion raises both procedural and substantive issues. We begin with the procedural issue — whether portions of Torcon's motion are barred under Rule 12(g)(2) — and then address the remaining arguments on substantive grounds.

> **A.   Torcon is barred under Rule 12(g)(2) from moving to dismiss and strike paragraphs of the amended complaint it could have sought earlier.**

Rule 12(g)(2) of the Federal Rules of Civil Procedure prohibits a party from filing "another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Although Rule 12(g)(2) includes an

---

[1] Ms. Novak's PHRA claims became ripe in May 2025 (one year after the EEOC charge was filed), but she did not seek leave to amend her complaint to add the PHRA claims before we heard this motion. The parties indicated at oral argument that they intend to add this claim by stipulation following the ruling on the motion to dismiss.

3

exception for defenses or motions raised under Rule 12(h)(2) or (3), that exception does not apply here. Neither Rule 12(b)(6) nor Rule 12(f) motions are among those listed as exceptions in Rule 12(h)(2) or (3).[2]

In typical application, Rule 12(g)(2) forces defendants to raise all available arguments in the first motion to dismiss and prohibits a second bite at the apple. Thus, successive motions to dismiss should either re-raise arguments (because the amendment did not cure a purported defect) or focus on newly added aspects of an amended complaint (because those could not have been objected to earlier). Here, the successive motion both re-raised arguments and made new ones (the 12(b)(6) arguments for failure to state a claim of sex discrimination and 12(f) arguments to strike) that Ms. Novak argues could have been raised earlier. Thus, Ms. Novak reasons, Torcon's entire motion should be denied. DI 18 at 11. Although we disagree that Rule 12(g)(2) requires denying Torcon's motion in its entirety, we see merit in Ms. Novak's argument as it applies to the newly raised challenge to the sex discrimination claim and portions of the motion to strike, which both address allegations that were present when Torcon filed its first motion to dismiss.

### 1. *Motion to dismiss*

A successive motion to dismiss filed under Rule 12(b)(6) does not fall under any of the Rule 12(h)(2) exceptions to the bar on successive motions, regardless of the grounds asserted,

---

[2] Rule 12(h)(2) states that a motion for "[f]ailure to state a claim . . . may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2). Rule 12(h)(3) provides an exception for motions to dismiss for lack of subject-matter jurisdiction by stating, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

and it is "improper" for a district court to consider such a motion. *See Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 321 (3d Cir. 2015). However, the entire motion need not be denied. Rule 12(g)(2) bars a party from "raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). But where a plaintiff amends the complaint to include new factual allegations, any defense or objection raised in response to those new allegations was not "available" to the defendant when the earlier motion was made. Similarly, a defense or objection re-raised in a subsequent motion was not "omitted" from the earlier motion. Therefore, a second motion raising new arguments in response to new factual allegations or renewing arguments raised in a prior motion is not barred as successive under Rule 12(g)(2).[3] To hold otherwise would lend an unwarranted punitive tone to Rule 12(g)(2), rather than use it simply as a procedural rule designed to promote efficiency and avoid piecemeal litigation. Here, Torcon's motion both renews previously raised arguments and introduces new ones, some of which respond to new factual allegations and others which do not. DI 16. Accordingly, we separately consider whether the Rule 12(g)(2) should apply to each portion of the motion to dismiss.

First, Torcon's motion renews two arguments raised in its first motion to dismiss: that Ms. Novak failed to state a claim for age discrimination and that the sex discrimination claim is

---

[3] A Third Circuit panel reached a similar conclusion on the issue of whether Rule 12(g)(2) bars motions brought in response to an amended complaint, but the decision was later vacated on other grounds in a rehearing that did not address the Rule 12(g)(2) issue. Nonetheless we find the reasoning persuasive. *See Jaroslawicz v. M&T Bank Corp.*, 912 F.3d 96, 105 n.4 (3d Cir. 2018), *vacated on panel reh'g*, 925 F.3d 605 (3d. Cir. 2019).

barred by the applicable 300-day statute of limitations.[4]  DI 16 at 12.  Rule 12(g)(2) does not bar these arguments, as explained above, and we address their merits below.  *See infra* § III.B.

Second, Torcon's motion to dismiss raises the new argument that Ms. Novak failed to state a claim for sex discrimination.  DI 16 at 14.  Torcon argues that the mere act of a plaintiff amending their complaint to add new factual allegations allows a defendant to bring a second motion raising new arguments.  DI 19 at 3.  This interpretation of Rule 12(g)(2) is flawed.  Consistent with our earlier explanation, we conclude that Rule 12(g)(2) permits a defendant to raise new arguments only if those arguments are in response to the new factual allegations in the amended complaint.  Furthermore, as Ms. Novak pointed out at oral argument, our interpretation of Rule 12(g)(2) is consistent with that of other courts in this Circuit.[5]  Here, we find that Torcon's argument that Ms. Novak failed to state a claim for sex discrimination was omitted from the first motion, DI 9, and is not based on any new allegations in the amended complaint.  DI 16.  Because this argument was available to Torcon at the time of its first motion to dismiss,

---

[4] *See* 42 U.S.C. § 2000e–5(e) (requiring charges under Title VII to be filed within 300 days of the alleged discrimination).

[5] *See Denkins v. William Penn Sch. Dist.*, No. CV 20-02228, 2020 WL 5880132, at *1–2 (E.D. Pa. Oct. 2, 2020) (holding that the defendant's motion to dismiss and motion to strike were barred as successive by Rule 12(g)(2) because the arguments could have been raised in the defendant's first motion to dismiss, even though the court never heard the first motion because the plaintiff amended the complaint).
  Torcon objected to our considering *Denkins* because it had not had a chance to review the case beforehand.  As it is publicly available case law and courts are free to consider relevant law regardless of when it is raised, our consideration of it over Torcon's objection is proper.  *See Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90 (1991) ("When an issue or claim is properly before the court, the court . . . retains the independent power to identify and apply the proper construction of governing law.").  In any event, we note this case only for context — given the limited case law on the precise issue at hand — and not as a determinative factor.

6

this portion of the motion is barred by Rule 12(g)(2).[6]

### 2. *Motion to strike*

As far as the parties and we can tell, the Third Circuit has not addressed whether Rule 12(g)(2) bars a new Rule 12(f) motion to strike following a prior Rule 12(b)(6) motion. Considering the question, we place significant weight on Rule 12(g)(2)'s listed exceptions to its bar, which does *not* include a Rule 12(f) motion.[7] To promote judicial efficiency, Rule 12(g)(2) requires that all defenses and objections raised under Rule 12 be joined in one motion. The omission of Rule 12(f) from the list of exceptions suggests that a motion to strike may be barred if it was available at the time of a prior Rule 12 motion. A Western District of Pennsylvania court also accepted this logic in *Torso v. Ohio Nat'l Life Ins. Co.*, No. 03:2007-65, 2007 WL

---

[6] Even if we evaluated the merits of Torcon's Title VII argument, we would reach the same result. Ms. Novak exceeded the bare minimum requirements and pled a prima facie case for sex discrimination. To establish a prima facie case of sex discrimination under Title VII, a plaintiff must show: (1) she was a member of a protected class; (2) she was qualified for the position; (3) she was subjected to an adverse employment decision; and (4) the adverse action occurred under circumstances sufficient to support an inference of discrimination. *See Jones v. Se. Pa. Trans. Auth.*, 796 F.3d 323, 327 (3d Cir. 2015). The fourth element can be established by showing that "the defendant had . . . treated other, similarly situated persons not of [plaintiff's] protected class more favorably." *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 277 (3d Cir. 2010) (citations omitted). Ms. Novak's amended complaint checked all these boxes, alleging that: she is a woman; she was qualified for her position as Project Executive; she was subject to an adverse employment action when she was terminated; and similarly situated male Project Executives were treated more favorably, as they retained their positions and responsibilities while Ms. Novak was taken off projects and terminated. DI 14 ¶¶ 7, 23, 69, 81–82. This is sufficient to survive a motion to dismiss.

[7] Rule 12(g)(2) provides an exception for defenses or motions raised under Rule 12(h)(2), which states that a motion for "[f]ailure to state a claim . . . may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial," and Rule 12(h)(3), which states that courts can hear motions to dismiss for lack of subject-matter jurisdiction.

1876521, at *1 (W.D. Pa. June 28, 2007) (concluding that a plaintiff's Rule 12(f) motion to strike was precluded under Rule 12(g) because it was available when the plaintiff filed an earlier Rule 12(b)(1) motion). Further, this interpretation aligns with the Rule's purpose by ensuring that all objections are raised at the earliest possible stage.

Here, Torcon's Rule 12(f) motion seeks to strike paragraphs 34–40 and 43–59 (incorrectly numbered as paragraph 57) in the amended complaint. DI 16 at 15. Out of these twenty-six paragraphs, nineteen are in the original complaint verbatim. *Compare* DI 14 ¶¶ 34–37, 39, 43–56, *with* DI 1 ¶¶ 34–37, 38, 39–52. Only paragraphs 38, 40–42, and 57–59 (incorrectly numbered as 55, 56, 57) are new in the amended complaint. DI 14. Because Torcon could have moved to strike these nineteen paragraphs in its first motion, it is procedurally barred from doing so now under Rule 12(g)(2). Therefore, we deny Torcon's motion to strike as to paragraphs 34–37, 39, and 43–56.

Next, for the same reasons we discussed regarding Torcon's motion to dismiss, we consider the merits of Torcon's motion to strike only as to the new allegations (i.e., ¶¶ 38, 40–42, 57–59).[8] Motions pursuant to Rule 12(f) may be used to eliminate from "a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous material." Fed. R. Civ. P. 12(f). But the Third Circuit has "repeatedly stated [a] preference that cases be disposed

---

[8] We note that courts retain discretion under Rule 12(f) to strike material at any time. *See Torso*, 2007 WL 1876521, at *1 ("Rule 12(f) allows the court to act on its 'own initiative at any time.' Courts have construed that section of the rule to mean that they may entertain motions to strike even if untimely … Because courts can act on untimely filed Rule 12(f) motions, it would also be reasonable for a court to act on a Rule 12(f) motion which would otherwise be precluded by Rule 12(g) by treating the motion as though the court were acting on its own initiative.") (citation omitted).

of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). Consistent with this principle, district courts within this Circuit have explained that "[m]otions to strike . . . will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). We agree.

Here, the new allegations in the amended complaint all address alleged discriminatory conduct toward Ms. Novak and other employees — including both sex discrimination and other forms of discrimination. DI 14 ¶¶ 38, 40–42, 57–59. In an employment discrimination case, evidence of discrimination toward other employees — so-called "me too" evidence — may be relevant to establish that the defendant's proffered non-discriminatory reasons for termination were pretext. *See Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013) (stating that "'[m]e too' evidence in an employment discrimination case is neither per se admissible nor per se inadmissible" and its relevance "depends on several factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case"). Thus, contrary to Torcon's arguments, we conclude that paragraphs 38, 40–42, and 57–59 may be relevant (e.g., to the pretext stage of the *McDonnell Douglas* framework). At a minimum, it is too early to tell. Accordingly, we deny the motion to strike as to paragraphs 38, 40–42, and 57–59.

> **B.    Ms. Novak pled sufficient facts to state a claim for age discrimination under the ADEA and sex discrimination under Title VII, and the 300-day statute of limitations does not bar her claim.**

We now turn to the merits of Torcon's Rule 12(b)(6) motion to dismiss for the portions that survive the Rule 12(g)(2) bar. "To survive a motion to dismiss, a [plaintiff's] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When considering whether a plaintiff's complaint meets this standard, we must adopt plaintiff's factual allegations and make all reasonable inferences based on the facts construed in the light most favorable to the plaintiff.  *See Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016).  But we are not required to accept legal conclusions and conclusory statements as true.  *Id.*  Ultimately, the burden is on the moving party to show that the amended complaint has not stated a claim upon which relief can be granted.  *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  For the reasons set out below, we conclude that Torcon has not met this burden and deny the motion in full.

 1. *Age discrimination*

Torcon argues that Ms. Novak failed to state a claim for age discrimination, asserting that "other than stating her age at the time of her termination (51) . . . and her own speculative observation that 'significantly younger' Project Executives purportedly took over her workload following her termination . . . . [Ms. Novak] does not plead any facts tying her age to her termination."  DI 14 at 9.  To state a claim for age discrimination under the ADEA, 29 U.S.C. § 623, a plaintiff must allege "enough facts to 'raise a reasonable expectation that discovery will reveal evidence of [each] necessary element.'"  *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009)).  Under this standard, a plaintiff need not allege facts that would satisfy the prima facie stage of *McDonnell Douglas* but doing so is sufficient.  *Id.* ("To defeat a motion to dismiss, it is sufficient to allege a prima facie case . . .  But it is not necessary.") (citations omitted)).  We conclude that Ms. Novak's amended complaint successfully pled a prima facie case for age discrimination and, as such, deny Torcon's motion to dismiss as to the age discrimination claim.

10

To establish a prima facie case of age discrimination under the ADEA, a plaintiff must show that: "(1) [she] is at least forty years old; (2) [she] suffered an adverse employment decision; (3) [she] was qualified for the position in question; and (4) [she] was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 640 (3d Cir. 2015). Here, Ms. Novak's amended complaint alleges: she was 51 years old at the time of termination; she was terminated from her role as Project Executive on January 17, 2024; she has a A B.A. in Architecture, a B.S. in Civil Engineering, an M.B.A., and 11 years of industry experience; and Torcon retained two significantly younger, male Project Executives who were approximately 8–10 years younger than her and her projects were assigned to three younger male employees. DI 14 ¶¶ 23, 69–70, 81–82, 88. The fourth element — whether a sufficiently younger employee replaced plaintiff — is the sticking point here. DI 16 at 10. Torcon argues that the mere redistribution of Ms. Novak's work to younger employees does not establish that a sufficiently younger employee replaced her. *Id*. But what Torcon misses is that retaining a sufficiently younger, similarly situated employee amid a reduction in force is sufficient.[9]

Here, Ms. Novak alleges that "sufficiently younger, similarly situated" employees were retained by Torcon when she alleges that younger, male Project Executives were not terminated,

---

[9] The Third Circuit has explained that "[a] reduction in force takes place if an employee's position is eliminated, and/or if there is a permanent cut in head count." *Baron v. Abbott Lab'ys*, 672 F. App'x 158, 161 n.9 (3d Cir. 2016). When Torcon terminated Ms. Novak, it informed her that the Philadelphia Project Executive position was being eliminated. DI 14 ¶ 75. Accordingly, treating this as a reduction in force case is consistent with *Baron*. And, in this context, the fourth element of the prima facie case may be satisfied by a plaintiff showing that "the employer retained a sufficiently younger similarly situated employee." *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 301 (3d Cir. 2004).

did not have their responsibilities diminished, and were assigned her work after her termination. DI 14 ¶¶ 62, 89.  This is sufficient.  Ms. Novak does not need to allege, as Torcon suggests, that this redistribution of work was in "any other fashion than a routine redistribution of work in the wake of a reduction in force."  DI 16 at 10.  Ms. Novak satisfies her burden by alleging that the younger Project Executives were retained while she was terminated, which creates a rebuttable inference of age discrimination.  DI 14 ¶¶ 62, 89.  Only then, at the second stage of the *McDonnell Douglas* framework, is it *Torcon's* burden to show that this was a "routine redistribution" — not Ms. Novak's burden to show it was not — and therefore this is not relevant at the motion to dismiss stage.  See *Sorgini v. Wissahickon Sch. Dist.*, 274 F. Supp. 3d 291, 297 (E.D. Pa. 2017) ("[I]f a plaintiff can allege the prima facie case required by the first step of McDonnell Douglas, the plaintiff will survive a motion to dismiss *and no further inquiry under McDonnell Douglas is required at this stage*.") (emphasis added).  For the foregoing reasons, Ms. Novak pled a prima facie case for age discrimination, and we deny Torcon's motion to dismiss as it pertains to that claim.

2. *Sex discrimination*

Torcon also renews its argument that Ms. Novak's Title VII claim is barred by the 300-day statute of limitations because the alleged failures to promote took place more than 300 days before she filed the complaint.  DI 16 at 12; *see* 42 U.S.C. § 2000e–5(e).  Torcon misunderstands Ms. Novak's Title VII claim.  Ms. Novak concedes that any action based on a failure to promote is outside the 300-day statute of limitations period, as would be one based on various other discriminatory conduct alleged in the amended complaint. DI 14 ¶ 41.  But Ms. Novak is relying on that out-of-time conduct only as background relevant to her discriminatory *termination* claim.

*Id.* And there is no dispute that the termination was within 300 days. "[D]iscrete discriminatory acts are not actionable if time barred . . . But the statute does not bar an employee from using the prior acts as background evidence in support of a timely claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Therefore, we deny Torcon's motion to dismiss as to the statute of limitations issue.

### IV.     Conclusion

In sum, we deny Torcon's motion in full. Torcon's new argument that Ms. Novak failed to state a claim for sex discrimination under Rule 12(b)(6) is barred by Rule 12(g)(2). Torcon's new argument that certain paragraphs of the amended complaint should be struck under Rule 12(f) is also barred by Rule 12(g)(2) to the extent it targets allegations included in the original complaint and is otherwise denied on the merits. Finally, we deny Torcon's argument that Ms. Novak's sex discrimination claim is barred by the applicable 300-day statute of limitations because Ms. Novak's claims hinge on her termination, which is within the 300-day statutory period.